**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE ANIEL                                                        No. C 12-03794 JSW

**ORDER ON APPEAL**

_____/

   This matter comes before the Court upon consideration of Appellants' appeal from the order of the Bankruptcy Court, which denied the Appellants' Motion to Vacate an Order Denying Debtors' Requested Certifications regarding the effect of discharge on secured liens, dated July 12, 2012. The matter is now ripe for consideration.[1]

   In brief, on February 25, 2009, Appellants filed a voluntary petition under Chapter 11, which was converted to a Chapter 7 proceeding on August 2, 2010. The Bankruptcy Court entered the Appellants' discharge on December 2, 2010. On February 4, 2011, the Bankruptcy Court entered a Final Decree and closed the case. (Appellants' Appendix ("AA") at 2, 31, 35-36.)

   On June 18, 2012, Appellants' submitted several "Certifications of Debtors' Discharge," which purported to declare void deeds of trust securing discharged debts on property they owned. (AA 37, 40-42, 58-69.) In response, on June 20, 2012, the Bankruptcy Court issued an Order Denying Debtors' Requested Certifications Regarding Effect of Discharge on Secured

---

[1] On July 20, 2012, the Appellants filed a Notice of Appeal from the Bankruptcy Court. Appellants filed their opening brief on September 27, 2012. In response to an Order to Show Cause, the designated Appellee advised the Court that she is not a real party in interest and was erroneously designated as the Appellee. Although Appellants have now served entities that could be interested parties to this appeal, none of those entities have filed an opposition brief. Thus, the only substantive opposition before the Court is from the designated Appellee, who claims not to have an interest in the outcome of this matter.

Debts. In that Order, the Bankruptcy Court explained that the deed of trust liens were unaffected by the discharge. (AA 43-44 (citing *Dewsnup v. Timm*, 502 U.S. 410, 418-419 (1992) and *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).) On that basis the court ruled that "Debtors' request that the court enter certifications that their secured debts have been discharged and that the deeds of trust on their resident and other properties are void is DENIED." (AA 43-44)

Appellants then moved to vacate that Order, stating that they "merely requested the Court to review the certification and sign or not sign the certificates," and "never expected" that the court would "issue a public order." Appellants also argued that the Bankruptcy Court lacked jurisdiction to issue an order in a closed case. (AA 46-47.) The Bankruptcy Court also denied that motion, and it rejected each of Appellants' arguments as to why it should vacate the order dated June 20, 2012. (AA 49-51.)

Appellants urge this Court to reverse the Bankruptcy Court on the basis that it was improper for the Bankruptcy Court to even accept the certifications for filing and then issue rulings on the certifications. Appellants also contend that the Bankruptcy Court deprived them of due process. Notably, however, Appellants do not suggest - and did not suggest below - that the Bankruptcy Court's reasons for denying the certifications in the first instance were erroneous, namely that the discharge did not affect the deed of trust liens.

The Court has carefully considered Appellants' brief, the response from the designated Appellee, the record in this case, and it finds no legal basis on which to disturb the ruling on the Bankruptcy Court. Accordingly, the Court HEREBY AFFIRMS the order of the Bankruptcy Court, and shall enter a separate judgment. The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: February 22, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE